# IN THE COURT OF APPEALS OF IOWA

No. 19-1996
Filed July 22, 2020

**IN THE INTEREST OF J.T., B.T., and R.J.,**
**Minor Children,**

**M.J., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Kelsey Bauerly Langel, Le Mars, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Meret Thali, Sioux City, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., May, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her three children. She first challenges the juvenile court's denial of her attorney's motion to continue the hearing, which was based on her failure to appear. The court asked the mother's attorney if she knew why the mother was not present, and her attorney stated she did not. On this basis, the court denied the continuance. The mother argues the court should have continued the proceedings to allow her to testify.

We review the juvenile court's denial of a motion to continue for an abuse of discretion. *See In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). An abuse of discretion occurs if the denial is based on reasons that are clearly untenable or unreasonable or if the court misapplies the law. *See id.* In determining whether to grant a continuance, the court must weigh due process protections afforded to a parent facing termination of parental rights against the best interests of the children. *See id.* at 232-33. We only reverse the denial of a continuance if it is unreasonable under the circumstances and causes injustice to the party seeking it. *See In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996).

"A motion for continuance shall not be granted except for good cause." Iowa Ct. R. 8.5. The court denied the mother's motion to continue, in the absence of a reason given for the mother's failure to appear at the scheduled termination hearing. The court did not abuse its discretion in denying the continuance without a showing of good cause.

The mother also challenges the grounds for terminating her parental rights and contends termination is contrary to the children's best interests.[1]  We review these claims de novo.  *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(d), (f), (h), and (*l*) (2019).  "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  Termination under section 232.116(1)(f) and (h) differ with regard to the age of the child and the amount of time the child has been removed from the parent's care.  *Compare* Iowa Code § 232.116(1)(f) (applying to children four years of age or older who have been removed from the parent's care for at least twelve of the last eighteen months), *with id.* § 232.116(1)(h) (applying to children three years of age or younger who have been removed from the parent's care for at least six of the last twelve months).  But both provisions require proof by clear and convincing evidence that the children cannot be returned to the parent's care at the time of the termination hearing without exposing the children to harm that would lead to a new child-in-need-of-assistance (CINA) adjudication.  *See id.* § 232.116(1)(f)(4) (requiring "clear and convincing evidence that at the

---

[1] The State contends the mother failed to preserve error on this claim because her attorney "stood silent" at the termination hearing.  We agree that timely filing of a notice of appeal is insufficient to preserve error.  *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).  "As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal."  *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994).  Regardless, we choose to resolve the mother's appeal on the merits.

present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"), (h)(4) (same); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication). It is this final element of both section 232.116(1)(f) and (h) that the mother contests on appeal.

The mother has a long history of substance use, with the oldest child first removed from her care when he tested positive for methamphetamine at birth in 2011. She has been diagnosed as having a severe methamphetamine use disorder. And in June 2018, the mother rear-ended another vehicle on the highway while driving under the influence of methamphetamine with two of the children in her car, causing one of the children to be hospitalized with a concussion. But in spite of Iowa Department of Human Services recommendations and court orders to engage in substance-abuse treatment, she had yet to engage in those services in a meaningful way by the time of the November 2019 termination hearing. The mother tested positive for methamphetamine in May 2019, and the State charged her with possession of methamphetamine, unlawful possession of prescription drugs, and possession of drug paraphernalia in July 2019.[2] And the mother's

---

[2] Even if the juvenile court continued the termination hearing until the mother was in attendance and the mother presented evidence that she had attended substance-abuse treatment and maintained her sobriety since July 2019, the outcome would remain the same. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of termination, after the statutory periods for reunification have expired, to begin to express an interest in parenting.").

substance use is only one of several concerns regarding the mother's ability to care for the children; she also failed to address her mental health or history of domestic violence, was unemployed, and lacked housing.  Because the mother's ongoing issues would expose the children to harm warranting a new CINA adjudication, her parental rights may be terminated under Iowa Code section 232.116(1)(f) and (h).

Having concluded that a statutory ground for termination exists, we next determine whether termination is in the children's best interests.  *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).  In making this determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]."  Iowa Code § 232.116(2).  The "defining elements" are the child's safety and "need for a permanent home."  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

We agree that termination is in the children's best interests.  The mother had ample time to obtain treatment for her substance use but failed to follow through.  The situation remained unchanged in the eighteen months leading up to the termination hearing.  And, although the mother clearly loves her children and never missed a visit with them, her visits continued to be supervised because the children did "better emotionally" with supervised visits.  We have already determined the mother cannot provide the children with the safe home they require.  At this point, the children's need for permanency trumps the mother's desire to maintain the parent-child bond.  *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the statutory time period for reunification has

expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children").

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**